## ESTADO LIBRE ASOCIADO DE PUERTO RICO
## TRIBUNAL DE APELACIONES
## PANEL ESPECIAL

| | | |
|---|---|---|
| RICHARD CHARLES BROWN WOOD Y MARICARMEN GIANATI MEDINA<br><br>RECURRIDOS<br><br>v.<br><br>COSTA ISABELA PARTNERS INC.; COSTA ISABELA LLC, Y OTROS<br><br>PETICIONARIOS | KLCE202401103<br><br>Consolidado<br><br>KLCE202401206 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala Superior de Aguadilla<br><br>Caso Número: AG2021CV01546<br><br>Sobre: Difamación, Libelo, Calumnia, Invasión a la Privacidad e Intimidad, Violación de Derechos Civiles y Daños y Perjuicios |

Panel integrado por su presidenta, la Juez Domínguez Irizarry, la Juez Ortiz Flores y la Juez Martínez Cordero

Ortiz Flores, Juez Ponente

### RESOLUCIÓN

En San Juan, Puerto Rico, a 31 de octubre de 2025.

Comparece ante este Tribunal de Apelaciones la codemandada y peticionaria, Costa Isabela LLC (Costa Isabela; CI), "sin someterse a la jurisdicción de este Honorable Tribunal", mediante dos recursos de *certiorari* consolidados, identificados con los alfanuméricos KLCE202401103 y KLCE202401206, respectivamente.[1]

Adelantamos que se deniega la expedición de los autos de *certiorari* solicitados.

### I

En el recurso **KLCE202401103**, CI nos solicita que se dejen sin efecto los siguientes cuatro (4) dictámenes interlocutorios, los cuales disponen lo siguiente:

### Orden[2]

Costa Isabela LLC no ha cumplido con orden de Contestar Demanda o hacer suyas las vertidas por la anterior

---

[1] CI solicitó la consolidación de ambos recursos.
[2] SUMAC, Entrada Núm. 320 en AG2021CV01546, **Orden** emitida el 10 de septiembre de 2024 y notificada el 11 de septiembre de 2024; Apéndice del recurso KLCE202401103, TA -1571 - 1572.

demandada de quien adquirió. Término venció el 25 de agosto de 2024.

### Resolución[3]

El 18 de julio de 2024 se presentó Moción de Reconsideración de Resolución de 3 de julio de 2024 respecto a Anotación de Rebeldía presentada por Costa Isabela LLC entrada 278 Sumac.

El 3 de julio de 2024 se emitió Resolución en que se declaraba No Ha Lugar la solicitud se levante Anotación de Rebeldía bajo Regla 45 de Procedimiento Civil. Entrada Sumac 273.

Para el 14 de junio de 2024 se le anotó Rebeldía a Costa Isabela LLC, lo cual notificó mediante Resolución Sumac 259.

En la entrada Sumac 268 Costa Isabela LLC solicita quede sin efecto la Anotación de Rebeldía anotada.

A la entrada 283 de Sumac la parte demandante se opone al levantamiento de la Anotación de Rebeldía.

El 5 de agosto de 2024 mediante Resolución se levantó la Rebeldía anotada bajo Regla 45 de Procedimiento Civil y se proveyó 20 días para contestar demanda entrada 287 Sumac.

Para la entrada 313 de Sumac Costa Isabela LLC presenta Moción sin someterse a la jurisdicción en torno a Moción 306 y 309 Sumac volviendo a plantearse la falta de jurisdicción.

A la entrada 320 Sumac de **11 de septiembre de 2024** el Tribunal se expresa indicando el término para Costa Isabela LLC contestar demanda venció el 25 de agosto de 2024 y no presentó alegación contra la demanda por proseguir planteando falta de jurisdicción esto el **11 de septiembre de 2024. El 12 de septiembre de 2024**[,] Costa Isabela LLC **comparece sin someterse a la jurisdicción** para plantear falta de jurisdicción entrada 321 Sumac.

Ya en la entrada 328 Sumac **presentó Oposición a Moción de Desestimación por falta de jurisdicción sobre la persona.**

Para la entrada 329 Sumac las partes demandantes **solicita[n] Sanciones contra Royal Isabela Inc. y Costa Isabela Partners Inc. ante la repetida negativa a obedecer Órdenes del Tribunal**.

Y a la entrada 330 Sumac **Costa Isabela LLC plantea nuevamente la falta de jurisdicción de 17 de septiembre de 2024**.

Las partes tienen que tener presente el caso KLCE202400850 en que la parte peticionaria Costa Isabela LLC presentó un recurso por falta de jurisdicción. Tengan

---

[3] SUMAC, Entrada Núm. 344 en AG2021CV01546, **Resolución** emitida el 23 de septiembre de 2024 y notificada el 24 de septiembre de 2024; Apéndice del recurso KLCE202401103, TA -1713 – 1717.

presente las partes en especial parte demandante, el Tribunal de Apelaciones no desestimó proveyendo el Tribunal tenía jurisdicción. El Tribunal Apelativo página dos expresó el Tribunal de Primera Instancia dispuso de la Moción de Reconsideración pendiente, ello al levantar la Anotación en Rebeldía en controversia. A la página cuatro el Tribunal de Apelaciones expresó [:] Siendo prematura la causa de epígrafe estamos impedidos de entender sobre sus méritos. El recurso se tornó académico, ver página 5 Resolución de Tribunal Apelaciones, desestimando el recurso de Certiorari por falta de Jurisdicción.

Con este escenario expresamos de forma definitiva las múltiples mociones sobre falta de Jurisdicción.

La jurisdicción es el poder o la autoridad que posee un tribunal para resolver las controversias presentadas ante su consideración AAA v. Unión Independiente Auténtica de Empleados de la AAA, 199 DPR 638, 651-52. Los tribunales adquieren jurisdicción por virtud de ley, por lo que no pueden arrogársela ni las partes pueden otorgársela. Rios Martínez, Com. Alt. PNP v. CLE, 196 DPR 289, 296 (2016). Es norma reiterada en nuestro ordenamiento, que: ¨los tribunales deben ser celosos guardianes de su jurisdicción y que no tienen discreción para asumir jurisdicción allí donde no la tienen¨. *Peerless Oil v. Hnos. Torres Pérez*, 186 DPR 239, 250 (2012); S.L.G. Szendrey-Ramos v. F.Castillo, 169 DPR 873, 882 (2007); Rios Martínez, Com. Alt. PNP v. CLE, supra. Es norma reconocida que las cuestiones relativas a la jurisdicción de los tribunales para atender los recursos ante su consideración constituyen materia privilegiada. AAA v. Unión Abo. AAA, 158 DPR 273, 279 (2002). De manera que, debido a su naturaleza privilegiada, las cuestiones de jurisdicción deben ser resueltas con preferencia, ya sea porque fuera cuestionada o motu proprio, pues, por su naturaleza, incide directamente sobre el poder que tiene para adjudicar las controversias. Fuentes Bonilla v. ELA, 200 DPR 364, 372 (2018).

Por tal motivo, cuando un tribunal carece de jurisdicción, debe declararlo y desestimar la reclamación sin entrar en sus méritos. Regla 83 del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B. De lo contrario, cualquier dictamen en los méritos será nulo y, por ser ultra vieres, no se puede ejecutar. Bco. Santander v. Correa García, 196 DPR 452, 470 (2016); Maldonado v. Junta Planificación, 171 DPR 46, 55 (2007). Es decir, una sentencia, dictada sin jurisdicción por un tribunal, es una sentencia nula en derecho y, por lo tanto, inexistente. Montañez v. Policía de Puerto Rico, 150 DPR 917, 921-922 (2000).

En nuestro ordenamiento jurídico es norma ampliamente conocida que, los tribunales debemos ser celosos guardianes del ejercicio de nuestra jurisdicción y que, para poder ejercitar válidamente dicha autoridad, debemos poseer jurisdicción sobre la materia y sobre las personas envueltas en el litigio. Padró v. Vidal, 153 DPR 357, 362 (2001); Shuler v. Shuler, 157 DPR 707, 717 (2002). La jurisdicción se ha definido como el poder o autoridad de un tribunal para considerar y decidir casos y controversias. Yumac Home v. Empresas Massó, 194 DPR 96, (2015); Horizon Media v. Jta. Revisora, RA Holdings, 191 DPR 228,

233 (2014). La sentencia dictada por un tribunal sin jurisdicción es nula por lo cual carece de eficacia. <u>Vázquez v. A.R.P.E.</u>, 128 DPR 513, 537 (1991). En ese sentido, tanto los foros de instancia como los foros apelativos tienen el deber de, primeramente, analizar en todo caso si poseen jurisdicción para atender las controversias presentadas, puesto que los tribunales están llamados a ser fieles guardianes de nuestra jurisdicción, incluso cuando ninguna de las partes invoque tal defecto. <u>Horizon Media v. Jta. Revisora, RA Holdings, supra; Shell v. Srio. Hacienda</u>, 187 DPR 109, 122-123 (2012). Ello responde a que las cuestiones jurisdiccionales son materia privilegiada y deben resolverse con preferencia a los demás asuntos. <u>Mun. San Sebastián v. QMC</u>, 190 DPR 652, 659 (2014); <u>García v. Hormigonera Mayagüezana</u>, 172 DPR 1, 7 (2007). Cónsono con lo anterior, surge de la regla 10.8 de Procedimiento Civil que, "siempre que surja, por indicación de las partes o de algún otro modo, que el tribunal carece de jurisdicción sobre la materia, este desestimará el pleito". 32 LPRA Ap. V, R. 10.8.

Por tanto, concluyendo este Tribunal tiene jurisdicción sobre todas las partes y teniendo presente el 25 de agosto de 2024 vencía el término para Costa Isabela LLC contestar la demanda, está vencido y por tanto se le anota la Rebeldía bajo Regla 45 de Procedimiento Civil. El no contestar en tiempo, o sea, dejó pasar los veinte días para contestar la Segunda Demanda Enmendada es la ley del caso y es final y firme.

**El incumplimiento en responder aquellas alegaciones que no se nieguen y no se explican las alegaciones de demanda se tienen por admitidas**. Regla 6.2 de Procedimiento Civil. (Subrayado en original y Énfasis nuestro.)

### Resolución[4]

<u>El Tribunal tiene jurisdicción sobre Costa Isabela LLC</u>. Leer <u>Resolución del [T]ribunal Apelativo de 22 de agosto de 2024</u> caso KLCE 2024 00850.

Sobre la Petición de Paralizar Descubrimiento de prueba por el Recurso presentado de Apelación si es relacionado directamente con Reconvención en que se alega se presentó al Contestar Demanda. (Subrayado en original.)

### Orden[5]

Levantar la Anotación de Rebeldía de Regla 45 de Procedimiento Civil no significa este Tribunal lo realizará por concluir no se tiene jurisdicción sobre CI.

En relación a(*sic*) la aquí Reconsideración solicitada respecto a la determinación tenemos jurisdicción sobre CI, No Ha Lugar.

---

[4] SUMAC, Entrada Núm. 336 en AG2021CV01546, **Resolución** emitida y notificada el 23 de septiembre de 2024; Apéndice del recurso KLCE202401103, TA – 1692.
[5] SUMAC, Entrada Núm. 352 en AG2021CV01546, **Orden** emitida y notificada el 23 de septiembre de 2024; Apéndice del recurso KLCE202401103, TA – 1699.

Consideramos se presentó oportunamente por lo que al notificarse comienza nuevo término para acudir al Tribunal de Apelaciones. Marrero Rodríguez v Colón Burgos 201 DPR 332 2018.

Inconforme, Costa Isabela presentó el recurso KLCE202401103, con los siguientes señalamientos de errores:

A. PRIMERO: ERRÓ EL TPI AL ANOTARLE LA REBELDÍA A CI**.**

B. SEGUNDO: ERRÓ EL TPI AL CONCLUIR QUE TIENE JURISDICCIÓN SOBRE LA PERSONA DE CI.

C. TERCERO: ERRÓ EL TPI AL ASEVERAR EN LA *RESOLUCIÓN DE 24 DE SEPTIEMBRE DE 2024* (SUMAC NÚM. 344) QUE NO CONTESTAR DENTRO DEL TÉRMINO DE VEINTE (20) DÍAS A PARTIR DE LA *RESOLUCIÓN DE 5 DE AGOSTO DE 2024* CONSTITUYE LEY DEL CASO Y ES FINAL Y FIRME.

D. CUARTO: ERRÓ EL TPI AL CONCLUIR QUE CI NO CUMPLIÓ CON CONTESTAR LA SEGUNDA DEMANDA ENMENDADA Y DENEGAR LA MOCIÓN DE DESESTIMACIÓN PRESENTADA POR CI SIN CONSIDERAR SUS MÉRITOS.

En el recurso **KLCE202401206**, CI nos solicita que se dejen sin efecto los siguientes dos (2) dictámenes interlocutorios idénticos, los cuales disponen lo siguiente:

**Resolución[6]**

La presentación de un Recurso de Apelación detiene los procedimientos en relación con el asunto cuestionado en Apelación.

El Recurso de Apelación el Tribunal est[á] obligado a considerarlo no así en el Certiorari. Vélez v Class 198 DPR 870 2017.

El Descubrimiento de Prueba no est[á] detenido.

Royal Isabela Inc y Costa Isabela Partners Inc informe direcciones de Josean López y Eugenio López Ver Sumac 324 y 325, en 48 Horas so pena de sanciones ecónomicas.

Se les ordena coordinar la comparecencia a la Deposición duces tecum sobre expoliación de evidencia de Royal Isabela Inc y Costa Isabela Partners Inc y comparecer el 8 de octubre de 2024 o alternativamente para el 22 de octubre de 2024.

---

[6] SUMAC, Entrada Núm. 353 en AG2021CV01546, **Resolución** emitida y notificada el 2 de octubre de 2024; Apéndice del recurso KLCE202401206, TA -1787 - TA-1789.

Coordinen las partes la comparecencia a las deposiciones de los testigos Joseán López y Eugenio López a ser notificadas para el 24 de octubre de 2024.

Tendrán que comparecer so pena de entrar en desacato a la deposición de Miguel Machado para el 31 de octubre de 2024.

Se advierte incumplir con las órdenes de Tribunal puede producir sanciones ecónomicas y ser encontradas en Desacato.

Royal Isabela Inc. y Costa Isabela Partners, Inc., el asunto de jurisdicción fue adjudicado por este Tribunal anteriormente.

### Resolución[7]

La presentación de un Recurso de Apelación detiene los procedimientos en relación al asunto cuestionado en Apelación.

El Recurso de Apelación el Tribunal está obligado a considerarlo no así en el Certiorari. Vélez v Class, 198 DPR 870 2017.

El Descubrimiento de Prueba no está detenido.

Royal Isabela Inc. y Costa Isabela Partners Inc. informe direcciones de Josean López y Eugenio López Ver Sumac 324 y 325, en 48 Horas so pena de sanciones económicas.

Se les ordena coordinar la comparecencia a la Deposición *duces tecum* sobre expoliación de evidencia de Royal Isabela Inc. y Costa Isabela Partners Inc. y comparecer el 8 de octubre de 2024 o alternativamente para el 22 de octubre de 2024.

Coordinen las partes la comparecencia a las deposiciones de los testigos Joseán López y Eugenio López a ser notificadas para el 24 de octubre de 2024.

Tendrán que comparecer so pena de entrar en desacato a la deposición de Miguel Machado para el 31 de octubre de 2024.

Se advierte incumplir con las órdenes de Tribunal puede producir sanciones ecónomicas y ser encontradas en Desacato.

Royal Isabela Inc. y Costa Isabela Partners Inc., el asunto de jurisdicción fue adjudicado por este Tribunal anteriormente.

Inconforme, Costa Isabela presentó el recurso KLCE202401206, con los siguientes señalamientos de errores:

A. ERRÓ EL TPI AL ASEVERAR QUE PODRÍA IMPONER SANCIONES O DESACATO Y A CI POR SU

---

[7] SUMAC, Entrada Núm. 358 en AG2021CV01546, **Resolución** emitida y notificada el 2 de octubre de 2024; Apéndice del recurso KLCE202401206, TA - 1795 - TA-1797.

INCOMPARECENCIA A LA DEPOSICIÓN DEL SR. MACHADO AÚN CUANDO CARECE DE JURISDICCIÓN SOBRE LA PERSONA DE CI.

B. ERRÓ EL TPI AL INDICAR QUE EL ASUNTO DE JURISDICCIÓN FUE ADJUDICADO ANTERIORMENTE, EN LA MEDIDA QUE SE REFIERA A JURISDICCIÓN SOBRE LA PERSONA DE CI.

El 18 de octubre de 2024, la parte demandante-recurrida presentó el escrito titulado *Moción de Desestimación y Oposición a Petición de Certiorari*. El 24 de octubre de 2024, en atención a la *Urgente Moción de Reconsideración Parcial de Resolución sobre Auxilio de Jurisdicción* presentada por CI, modificamos "la Resolución del 22 de octubre de 2024 a los fines de mantener la paralización de los procedimientos en el caso AG2021CV01546 ante el Tribunal de Primera Instancia, Sala Superior de Aguadilla, excepto en cuanto [a] la deposición calendarizada para el 31 de octubre de 2024, la cual deberá celebrarse".

**II**

**A. Certiorari**

El recurso de *certiorari* es un remedio procesal extraordinario que le brinda autoridad a un tribunal de mayor jerarquía para revisar las determinaciones de un tribunal inferior. *Rivera et al. v. Arcos Dorados et al,* 212 DPR 194, 207 (2023) que cita a: *McNeil Healthcare v. Mun. Las Piedras I*, 206 DPR 391, 403 (2021); *IG Builders et al. v. BBVAPR*, 185 DPR 307, 337-338 (2012). Aunque se trata de un recurso discrecional, existen unos parámetros que sirven de guía al momento de decidir si debemos, como foro revisador, expedir o denegar el auto. *IG Builders et al. v. BBVAPR*, *supra*. De esta forma, el asunto que se nos plantee en el recurso de *certiorari* debe tener cabida dentro de alguna de las materias reconocidas en la Regla 52.1 de las de Procedimiento Civil, 32 LPRA Ap. V, R. 52.1 (Regla 52.1). En específico, la Regla 52.1 dispone lo siguiente:

> […]
> El recurso de *certiorari* para **revisar resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia**, solamente será expedido por el Tribunal de Apelaciones cuando se recurra de una **resolución** u orden bajo las Reglas 56 y 57 o de la denegatoria de una

moción de carácter dispositivo**.** No obstante, y por excepción a lo dispuesto anteriormente, el Tribunal de Apelaciones podrá revisar órdenes o resoluciones interlocutorias dictadas por el Tribunal de Primera Instancia cuando se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciaros, anotaciones de rebeldía, en casos de relaciones de familia, en casos que revistan interés público o en cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia. **Al denegar la expedición de un recurso de *certiorari* en estos casos, el Tribunal de Apelaciones no tiene que fundamentar su decisión.** […] (Énfasis nuestro.)

Conforme a lo dispuesto en la anterior disposición legal y la jurisprudencia interpretativa, nos corresponde realizar un análisis dual para determinar si se expide o no un auto de *certiorari.* Este examen consta de una parte objetiva y otra parte subjetiva. Por ello, en primer lugar, tenemos que analizar si la materia contenida en el recurso de *certiorari* tiene cabida dentro de una de las materias específicas establecidas en la Regla 52.1, toda vez que esta enumera taxativamente bajo qué supuestos se podrá expedir el auto de *certiorari*. En aquellos escenarios, en los que la materia no esté comprendida dentro de la citada regla, el tribunal revisor debe negarse a expedir el auto de *certiorari*.

Así las cosas, el primer examen al que debemos someter todo recurso de *certiorari* para determinar si debemos expedirlo es que debe tratar sobre alguna de las materias especificadas en la citada Regla 52.1 de Procedimiento Civil, *supra*. Este examen es mayormente objetivo. Por esto, se ha señalado que "los litigantes deben abstenerse de presentar recursos de *certiorari* para revisar órdenes y resoluciones de asuntos que no estén cobijados bajo las disposiciones de la Regla 52.1". Hernández Colón, *Derecho Procesal Civil*, 5ta ed., LexisNexis, San Juan, 2010, pág. 476.

Superada esta etapa, corresponde analizar si bajo la discreción concedida a este tribunal revisor mediante la Regla 40 del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 40 (Regla 40), debemos o no expedir el auto de *certiorari*. A esos fines, la Regla 40 establece los

criterios que debemos tomar en consideración para determinar si expedimos o no un auto de *certiorari*, como sigue:

A. Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.

B. Si la situación de hechos planteada es la más indicada para el análisis del problema.

C. Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.

D. Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.

E. Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

F. Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

G. Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

Es decir, de acuerdo con lo dispuesto en la citada Regla 40, *supra*, debemos evaluar "tanto la corrección de la decisión recurrida, así como la etapa del procedimiento en que es presentada, a los fines de determinar si es la más apropiada para intervenir y no ocasionar un fraccionamiento indebido o una dilación injustificada del litigio." *Torres Martínez v. Torres Ghigliotty*, 175 DPR 83, 97 (2008) que cita a *Negrón v. Srio. de Justicia*, 154 DPR 79 (2001). Así pues, la discreción judicial "no se da en un vacío ni en ausencia de otros parámetros",[8] sino que como Tribunal revisor debemos ceñirnos a los criterios antes citados. Si luego de evaluar los referidos criterios, este tribunal decide no expedir el recurso, podemos fundamentar nuestra determinación, mas no tenemos la obligación de así hacerlo.[9]

**III**

En el recurso de Certiorari KLCE202401103, en esencia, la parte peticionaria nos señaló que el TPI se equivocó en lo siguiente: al anotarle

---

[8] *IG Builders et al. v. BBVAPR, supra* que cita a *Rivera Figueroa v. Joe's European Shop*, 183 DPR 580, 596 (2011).
[9] 32 LPRA Ap. V, R. 52.1.

la rebeldía a CI; al concluir que tiene jurisdicción sobre la persona de CI, al aseverar en la Resolución del 24 de septiembre de 2024 (Sumac Entrada Núm. 344); al disponer que no contestar dentro del término de veinte (20) días a partir de la Resolución de 5 de agosto de 2024 constituye ley del caso y es final y firme; al concluir que CI no cumplió con contestar la segunda demanda enmendada; y, denegar la moción de desestimación presentada por CI sin considerar sus méritos.

En el recurso KLCE202401206 la peticionaria señala, en esencia, lo siguiente: que el TPI incidió al determinar que puede imponer sanciones o desacato a CI por su incomparecencia a la deposición del Sr. Machado aun cuando carece de jurisdicción sobre los peticionarios; y, al concluir que el asunto de jurisdicción fue adjudicado anteriormente, en la medida que se refiera a jurisdicción sobre la persona de CI.

Nos corresponde evaluar, en primer lugar, si los petitorios de los recursos ante nuestra consideración se tratan de las materias contenidas en la Regla 52.1 de Procedimiento Civil, *supra*. Al tratarse de reclamos sobre resoluciones interlocutorias, tenemos jurisdicción bajo la Regla 52.1 de Procedimiento Civil, *supra.* Ahora bien, en segundo lugar, debemos analizar los asuntos que se plantean ante nos y tomar en consideración los criterios establecidos en Regla 40 del Reglamento del Tribunal de Apelaciones, *supra*.

Luego de examinar los recursos ante nuestra consideración, y los planteamientos expuestos por la parte peticionaria, no vemos presente alguno de los criterios esbozados en la Regla 40 del Reglamento del Tribunal de Apelaciones, *supra*. Es decir, no nos enfrentamos ante que el foro primario haya actuado con prejuicio, parcialidad o con error craso y manifiesto. De igual forma, somos del criterio que no se justifica nuestra intervención en esta etapa del procedimiento, por tal razón procedemos a denegar la expedición del auto de *certiorari* en ambos recursos, para que y ordenar que continúen los procedimientos del manejo del caso ante el foro primario.

**IV**

Por los fundamentos que anteceden, se deja sin efecto la paralización de los procedimientos y denegamos expedir los autos de *certiorari* solicitados en ambos recursos consolidados.

**Notifíquese inmediatamente.**

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones. La Juez Dominguez Irizarry disiente con la siguiente expresión: El tracto procesal de los recursos presentados, claramente, demuestra que fue errónea la determinación emitida el 24 de septiembre de 2024 por el Tribunal de Primera Instancia, mediante la cual se le anotó la rebeldía a C.I. Por consiguiente, entiende que se debió expedir el auto de *certiorari* para revocar dicho proceder.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones